W. O. BLACKNALL v. W. H. ROWLAND, et al.

*Executed Contract—Sale—Warranty, Breach of.*

Where, in a contract of sale of stock in an incorporated company, there was a warranty by the seller as to the condition of the company, and also a further clause in the nature of a defeasance that the buyer might have the representations examined into, the fact that the buyer did not avail himself of the privilege of making the investigation, but accepted and paid for the stock, did not deprive him of his right to recover on the warranty.

BLACKNALL *v.* ROWLAND.

PETITION of defendants to rehear case between same parties reported in 116 N. C., 384. The petition to rehear was accompanied by the certificate of Hon. M. V. Lanier, of Oxford, which was as follows:

" This is to certify that, by request of defendant's counsel, in the case of W. O. Blacknall against W. H. Rowland, *et al.*, from the County of Durham, decided in the Supreme Court of North Carolina, at February Term, 1895, I have carefully examined the case and the law bearing upon the same, and the case in 108 N. C. R., p. 554, cited in the opinion of the Court, and that, in my opinion, the decision is erroneous. The contract of sale and purchase of the stock was an executory contract, and the trade was expressly conditioned upon the representations made therein, *being verified upon examination of the affairs of the company by an expert book-keeper of plaintiff's selection and at his expense*, and upon condition that the plaintiff's title to the land named in said contract was good—that is to say, (as I understand the matter,) if, upon such examination, the representations were found to be untrue, or if the title to the land was found to be defective, the plaintiff, in the former case, was not to be bound by the contract, and the defendants, in the latter case, were not to be held bound; or, in other words, the contract was to be void and of no effect—in the former case at the option of the plaintiff, and in the latter at the option of the defendant. The plaintiff, after ample time and opportunity to make the examination, (which, in so far as appears, he was not prevented by any act of defendant from making,) chose to waive the condition, as far as he was concerned, and executed the contract by accepting an assignment of the stock, and conveying the land in payment for it. The court was of the opinion that the contract itself was, or contained, a warranty of the truth of

the representations made, and that the plaintiff was not affected by his waiver of the conditions upon which he was to be bound to its performance on his part. In this, it seems to me, there was error.

"Suppose, on the other hand, the plaintiff had represented his title to the land to be good, and the defendants had chosen to make no examination of it, and to accept a deed without warranty : could they have maintained an action upon the contract as a warranty of title ? It seems to me not. The action, in so far as appears, was not for a rescission of the transaction for fraud, but for a breach of a supposed and alleged warranty, contained or implied in the terms of the same. Such a warranty seems to me to be negatived by the fact that, by the agreement, the plaintiff was not to be entitled to damages, if the representations were found to be untrue upon the examination to be made, but was *not to be bound* by *the contract at all.* Suppose the plaintiff had, with or without examination, found the representations to be untrue, and had refused to accept an assignment of the stock, or to convey the land in payment for it (which would have been a repudiation of the contract on his part, which he would have had a right to do): could he, notwithstanding, have maintained an action against defendants for a breach on their part of the supposed warranty, expressed or implied therein, of the truth of the representations ? Or, could he have repudiated the contract on his part and affirmed it as against the defendants ? It seems to me not.

"I think the court was in error in treating the contract as other than executory, and just as if the part on which its binding force was conditioned were not in it.

"I further certify, that I am a practicing attorney and a member of the bar in North Carolina, and that I have no

interest in the subject-matter of said action, and am not, and never have been, of counsel for any party to the said suit.

"With due and respectful deference to the opinion of any who may not concur with me in this case,

M. V. LANIER."

*Messrs. J. W. Graham, Boone, Merritt & Bryant,* and *Fuller, Winston & Fuller,* for petitioners.

*Messrs. Shepherd, Manning & Foushee, contra.*

CLARK, J.: This is a petition to rehear the case in 116 N. C., 389, where the contract is set out in full. It was an executed contract reciting that one party " proposes to sell" and the other " agrees to buy." Further, the seller gave a warranty. And as an additional safeguard there was a further clause, in the nature of a defeasance, that the buyer might have the representations examined into. As pointed out by MERRIMON, C. J., when this case was here the first time, (108 N. C., 554,) this last was a privilege to the buyer, which he could exercise or not as he chose. He might waive it and rely solely upon the warranty given by the seller. The buyer's waiver of such privilege certainly could not be deemed a waiver of the warranty on the part of the seller, but on the contrary showed an intention more distinctly to rely upon the warranty alone. If this were not so, the contract would be construed as meaning that, if on examination, the representations were found correct, the seller's warranty was binding, otherwise it would be null and void—a palpable absurdity. Why insert a warranty if there was to be no sale or liability, unless the buyer made the examination and found the representations to be true? It may not be amiss in this case to repeat what was said in *Herndon* v. *Ins. Co.,* 111 N. C., 384, 389, to-wit, " Errors are committed by all courts, but they are by no means so numerous and alarm-

ing as they must seem to counsel who lose their causes. They should reflect that they have against them the opinion of the opposite counsel and of the five disinterested lawyers who have heard the cause debated."

Petition Dismissed.